UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-124-H

OWSLEY BROWN FRAZIER; and
OWSLEY BROWN FRAZIER HISTORICAL
ARMS MUSEUM FOUNDATION                                                                PLAINTIFFS

V.

MICHAEL K. SALISBURY;
KAREN CRUSE a/k/a KAREN SALISBURY;
JOHN JONES, BELINDA JONES;
COLLECTABLE ARMS INTERNATIONAL, INC.;
and ROBERT L. WILSON a/k/a R. L. WILSON                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Owsley Brown Frazier and the Owsley Brown Frazier Historical Arms Museum Foundation (collectively, "Frazier") allege that Defendant Michael Salisbury, in collusion with others, fraudulently overcharged Frazier as he acquired the gun collection that would become the basis for the Frazier Historical Arms Museum. Specifically, Frazier alleges civil RICO violations, breach of fiduciary duty, fraud, negligent misrepresentation, unjust enrichment, payment of money by mistake, breach of contract, and violation of the Kentucky Consumer Protection Act. Salisbury asserts counterclaims of fraud, negligent misrepresentation, breach of contract, promissory estoppel and unjust enrichment/quantum meruit. The Court now considers Frazier's motion to dismiss those counterclaims.

I.

Resolution of this motion requires only an abbreviated version of the facts viewed in the

light most favorable to Salisbury. Frazier and Salisbury met through a mutual friend in 1997. Frazier asked Salisbury, a gun collector, to help Frazier build a gun collection. Over the next few years Salisbury acquired many guns on Frazier's behalf. During that time Salisbury made a profit on a number of the guns by taking "commissions" from the sale price of the guns. Salisbury says Frazier agreed to these commissions. Frazier, on the other hand, says he did not know about the commissions and that Salisbury was defrauding him the whole time.

A few years into their relationship, Frazier started planning the Frazier Historical Arms Museum. Salisbury was retained as an employee of the museum at a salary of $100,000 per year, various benefits, ten percent commissions on the guns he acquired, and Frazier's promise to leave one million dollars to Salisbury in his will. After Salisbury became an employee of the museum he continued acquiring many guns for Frazier and continued to take commissions on the guns as he had done before. Frazier contends these commissions were unauthorized. Frazier also contends that Salisbury conspired with others to facilitate his alleged scheme, namely a gun expert named R.L. Wilson and another gun dealer named John Jones.

## II.

It appears that the outcome of this case will turn largely on the factual issue of whether or not Frazier agreed to pay Salisbury commissions for the guns he acquired. If Salisbury can prove the existence of such an agreement, he will have established a successful defense to most if not all of Frazier's claims. He will not necessarily have set up counterclaims against Frazier since establishing a defense does not automatically give rise to counterclaims.

Salisbury first asserts claims of fraud and negligent misrepresentation. However, this case is distinctly different from others in which an employee has successfully pursued a fraud

claim against an employer who induced him to work based on a misrepresentation. *See United Parcel Service Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky. 1999); *Ligon Specialized Hauler, Inc. v. Smith*, 691 S.W.2d 902 (Ky. App. 1985). In both *Rickert* and *Ligon*, a company made a representation it knew to be false in order to induce someone to work for the company. Neither company followed through on its representation. Here, Salisbury claims Frazier promised to pay him commissions, and, in fact, did pay those commissions. Thus Frazier's representations were neither false nor caused damage. Therefore, the fraud and negligent misrepresentation claims must fail.

At least a portion of the breach of contract claim may have some merit. This is a claim for unpaid compensation rather than for a right to continued employment. Frazier had a right to terminate Salisbury. As Frazier points out in his reply brief, nowhere in Salisbury's counterclaims nor in his brief does he claim a right to be employed for a certain term. Salisbury appears to have first claimed a right to lifetime employment at conference after the present motion had been fully briefed. Because Salisbury has never asserted a right to lifetime employment on the record, that claim is not before the Court.

Salisbury may have a claim for unpaid compensation on another as yet unfulfilled alleged promise. Salisbury says he agreed to work for the museum in exchange for a salary of $100,000, various benefits, ten percent commissions on the sales of guns, and Frazier's promise to leave one million dollars to Salisbury in his will. Salisbury does not claim that Frazier withheld any salary or commissions. Thus, the only remaining basis for the breach of contract claim is Frazier's promise to provide for Salisbury in his will. At this point, it appears that claim should survive. Further, because a promissory estoppel claim is closely related to a breach of contract

claim, that claim likewise survives only insofar as it also seeks to recover for Frazier's promise to provide for Salisbury in his will.

The unjust enrichment/quantum meruit claim fails because Salisbury was compensated for his services to Frazier and the museum. That is, other than Frazier's promise to provide for Salisbury by will, Salisbury has failed to identify any way in which he enriched Frazier and the Museum without receiving just compensation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss filed by Owsley Brown Frazier and Owsley Brown Frazier Historical Arms Museum Foundation is SUSTAINED IN PART and DENIED IN PART. Salisbury's counterclaims of fraud, negligent misrepresentation and unjust enrichment/quantum meruit are DISMISSED WITH PREJUDICE. The only remaining counterclaim is that Frazier promised to leave one million dollars to Salisbury in his will.

IT IS FURTHER ORDERED that the motion to strike filed by Owsley Brown Frazier and Owsley Brown Frazier Historical Arms Museum Foundation is DENIED.

cc:   Counsel of Record

4