UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-124-H

OWSLEY BROWN FRAZIER; and
OWSLEY BROWN FRAZIER HISTORICAL
ARMS MUSEUM FOUNDATION                                              PLAINTIFFS

V.

MICHAEL K. SALISBURY;
KAREN CRUSE a/k/a KAREN SALISBURY;
JOHN JONES, BELINDA JONES;
COLLECTABLE ARMS INTERNATIONAL, INC.;
and ROBERT L. WILSON a/k/a R. L. WILSON                             DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiffs, Owsley Brown Frazier and the Owsley Brown Frazier Historical Arms Museum Foundation ("Plaintiffs") allege that Michael Salisbury, in collusion with others, fraudulently acquired money and antique firearms rightfully belonging to Plaintiffs. Plaintiffs seek, among other things, compensatory and punitive damages, disgorgement of money and property belonging to Plaintiffs, restitution of such money and property, and a constructive trust upon such money and property. The parties have recently begun discovery, which is scheduled for completion April 15, 2006. Michael and Karen Salisbury ("Defendants") now move for partial summary judgment and entry of an order that they may sell any firearms in their possession free and clear of any claim, interest or possessory right thereto by Plaintiffs.

In support of their motion Defendants argue that Plaintiffs have failed to create any genuine issue of fact that they have an interest in any firearms in Defendants' possession.

Plaintiffs respond with an affidavit from Edwin Webb identifying three particular guns in which they assert an interest, and with a second affidavit from counsel Paul Weller stating that discovery is needed to determine whether they have any interest in additional guns. The Court agrees that it would be premature to decide such an issue prior to completion of the discovery process. While appreciating Defendants' predicament and their apparent desire to turn hard assets to cash, the Court has insufficient information upon which to issue the broad and affirmative order that Defendants request.

As an aside, the Court notes that no specific legal injunction appears to prevent Defendants from selling the firearms in their possession. While Plaintiffs have asserted a possible interest in certain firearms, they appear not to have taken any affirmative steps (such as placing liens on firearms or requesting an order enjoining Defendants from selling firearms) that place any legal impediment on the title of any firearms in Defendants' possession. Nor has this Court entered any order to that effect. Consequently, the ability of Defendants to sell any assets in their possession may turn on whether a purchaser would find some risk in such a transaction.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for partial summary judgment filed by Defendants is DENIED.

                                                                         *John G. Heyburn II*
                                                     *Chief Judge, U.S. District Court*

August 16, 2005


cc:  Counsel of Record